IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: SORIN 3T HEATER-COOLER SYSTEM PRODUCTS LIABILITY LITIGATION (NO. II) | : MDL NO. 2816<br>: CIVIL ACTION NO. 1:18-MD-2816<br>:<br>: (Judge Conner)<br>: |
| THIS DOCUMENT RELATES TO:<br><u>Napier v. LivaNova Deutschland GmbH, et al.</u>, No. 1:22-CV-901 | :<br>:<br>: |

## **MEMORANDUM**

Plaintiff Patricia Napier, as executor of the estate and personal representative of Michael Napier, moves the court to remand this action to the Court of Common Pleas of Hamilton County, Ohio, on timeliness grounds and for lack of subject-matter jurisdiction. Defendant LivaNova[1] opposes plaintiff's motion, contending removal was timely and the only nondiverse defendants—TriHealth, Inc. ("TriHealth"), and Bethesda Hospital (collectively, "the hospital defendants")—have been fraudulently joined to defeat diversity. The hospital defendants, for their part, move to dismiss plaintiff's complaint for failure to state a claim for which relief may be granted.[2] For the reasons that follow, we will grant plaintiff's motion to

---

[1] Plaintiff has sued three LivaNova entities: LivaNova Deutschland GmbH (f/k/a Sorin Deutschland GmbH), LivaNova Holding USA, Inc. (f/k/a Sorin Group USA, Inc.), and LivaNova USA, Inc. (f/k/a Cyberonics, Inc.). (<u>See</u> Doc. 3 ¶¶ 2-4). We refer to this group collectively as "LivaNova" herein.

[2] The hospital defendants filed their motion while the case was still in Ohio state court, pursuant to Ohio Rule of Civil Procedure 12(B)(6). We construe the motion as having been filed pursuant to that rule's federal counterpart, Federal Rule of Civil Procedure 12(b)(6).

remand and leave resolution of the hospital defendants' motion to dismiss to the Court of Common Pleas of Hamilton County.

## I. Factual Background and Procedural History

Michael Napier ("Napier") underwent heart surgery at Bethesda Hospital in November 2016. (Doc. 3 ¶ 10). Plaintiff alleges that a Stockert 3T Heater-Cooler System manufactured and sold by LivaNova was used during Napier's surgery, and that design and manufacturing defects in the system caused Napier to develop a *Mycobacterium chimaera* infection that ultimately proved fatal. (See id. ¶¶ 11-15). Plaintiff avers that the heater-cooler system in the surgical suite "was installed, maintained[,] and repaired" by the hospital defendants and LivaNova. (See id. ¶ 13).

Plaintiff initially commenced suit against the hospital defendants on July 14, 2021, in the Court of Common Pleas of Hamilton County, Ohio. (See Doc. 22-1). In that complaint, plaintiff asserted three common-law claims—one for negligence, one for wrongful death, and one for punitive damages—against the hospital defendants arising from the hospital's use of the heater-cooler system during Napier's surgery. (See id. ¶¶ 14-23). The hospital defendants jointly moved to dismiss plaintiff's complaint, arguing, *inter alia*, the claims were barred by the one-year statute of limitations and four-year statute of repose applicable to medical claims in Ohio. (See Doc. 18 at 16-23). Judge Wende Cross agreed with the hospital defendants and dismissed plaintiff's claims as untimely. See Napier v. TriHealth Inc. ("Napier I"), No. A 2102427 (Ohio Ct. Com. Pl. Dec. 7, 2021); (see also Doc. 22-5).

On October 4, 2021, while Napier I was still pending, plaintiff initiated this action, again in the Court of Common Pleas of Hamilton County. (See Doc. 3 at 1). Plaintiff asserts five statutory product-liability claims under Ohio law for design defect (Claim One), manufacturing defect (Claim Two), failure to warn (Claim Three), and failure to conform to representations (Claim Four) against LivaNova, and for negligent supply of a product against LivaNova and the hospital defendants (Claim Five). (See id. ¶¶ 19-43). Plaintiff also reasserts her common-law claims for wrongful death (Claim Six) against LivaNova and for punitive damages (Claim Seven) against all defendants. (See id. ¶¶ 44-50).

LivaNova removed plaintiff's complaint to the United States District Court for the Southern District of Ohio on November 24, 2021. The notice of removal acknowledges that TriHealth and Bethesda Hospital are nondiverse defendants but posits the court should ignore their citizenship for jurisdictional purposes because both hospital defendants were fraudulently joined. (See Doc. 1 ¶¶ 22-44). The hospital defendants have moved to dismiss plaintiff's complaint, and plaintiff has moved to remand. After both motions were fully briefed, the case was transferred into the Sorin 3T Heater-Cooler MDL assigned to this court.[3]

---

[3] The Sorin 3T Heater-Cooler MDL was initially assigned to former Judge John E. Jones III. On July 23, 2021, following Judge Jones' retirement, the Judicial Panel on Multidistrict Litigation reassigned the MDL to the undersigned.

## II.  Legal Standards

### A.  Motion to Remand

Under 28 U.S.C. § 1441, a defendant may remove an action brought in state court to federal district court when the claims fall within the federal court's original jurisdiction.  See 28 U.S.C. § 1441(a).  A plaintiff may move to remand the case due to a procedural defect in the removal within 30 days after the notice of removal is filed.  See 28 U.S.C. § 1447(c).  Statutes permitting removal "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Manning v. Merrill Lynch Pierce Fenner & Smith, Inc., 772 F.3d 158, 162 (3d Cir. 2014) (quoting Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009)).  The removing party bears the burden of proving that the matter is properly before the federal court. See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted); Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (same).

### B.  Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing

4

the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

5

**III.   Discussion**

Plaintiff asks us to remand this action to the Court of Common Pleas of Hamilton County, Ohio, contending first that LivaNova's notice of removal was untimely and second that the hospital defendants are nondiverse parties so the court lacks subject matter jurisdiction.  (See Doc. 21 at 2-4).  LivaNova maintains its notice of removal was timely filed shortly after it learned of Napier I, and insists the hospital defendants have been fraudulently joined, contending plaintiff's negligent-supplier claim against the hospital defendants is a time-barred medical claim in disguise.  (See Doc. 22 at 7-15).  The hospital defendants move to dismiss plaintiff's claim against them on similar grounds.  (See Doc. 18 at 4-9).

Subject-matter jurisdiction is a threshold inquiry, so our analysis necessarily begins with plaintiff's motion to remand for lack of diversity.[4]  As the party seeking to invoke the court's diversity jurisdiction, LivaNova bears the burden of proving this matter is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.  See 28 U.S.C. § 1332(a); see also Frederico, 507 F.3d at 193 (citations omitted); Steel Valley Auth., 809 F.2d at 1010 (same).  There is no dispute here that the hospital defendants are citizens of the same state as plaintiff (Ohio) and thus are nondiverse.  (See Doc. 1 ¶¶ 17, 22; Doc. 3 ¶¶ 1, 5-6).  Nonetheless, LivaNova maintains these defendants were fraudulently

---

[4] Because we agree with plaintiff that the court lacks subject-matter jurisdiction over this case, we do not address plaintiff's separate argument that LivaNova's notice of removal was untimely.

joined and the court should disregard their citizenship in assessing diversity. (See Doc. 22 at 7-12).

Federal courts may disregard the presence of a nondiverse defendant and assume jurisdiction over a case if that defendant was fraudulently joined for the purpose of defeating diversity. See *In re* Briscoe, 448 F.3d 201, 216 (3d Cir. 2006) (citation omitted). Joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." Id. at 219 (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)). Our court of appeals has explained that a party charging fraudulent joinder carries a "heavy burden of persuasion." See Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth., 913 F.2d at 1010, 1012 n.6). Before concluding joinder was fraudulent, the district court "must rule out *any* possibility that a state court would entertain the cause." See *In re* Briscoe, 448 F.3d at 219 (emphasis added) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)). But "[i]f there is even a possibility that a state court would find that the complaint states a cause of action" against the nondiverse defendant, we must find joinder to be proper and remand the case. See Boyer, 913 F.2d at 111 (citation omitted).

Plaintiff's sole claim against the hospital defendants arises under Ohio's product-liability statute, specifically, Ohio Revised Code Section 2307.78. (See Doc. 3 ¶¶ 38-43). Section 2307.78 establishes the standard for supplier liability, see OHIO REV. CODE ANN. § 2307.78, and Section 2307.71(A)(15) in turn defines the

7

term "supplier," see id. § 2307.71(A)(15). As relevant here, the term "supplier" includes one who "in the course of a business conducted for the purpose, installs, repairs, or maintains any aspect of a product that allegedly causes harm." See id. § 2307.71(A)(15)(a)(ii). Plaintiff avers the hospital defendants are "supplier[s] of the Stockert 3T Heater-Cooler System"; that they, along with LivaNova, "installed, maintained[,] and repaired" the heater-cooler unit in use in the surgical suite; and that defective installation, maintenance, and repair of the unit resulted in bacteria escaping and causing Napier's infection and ultimately his death. (See id. ¶¶ 5-6, 13-15, 40, 42-43).

LivaNova asserts that plaintiff does not have a colorable negligent-supplier claim against either hospital defendant. (See Doc. 22 at 8-12). LivaNova makes much of the fact that the Ohio state court in Napier I dismissed plaintiff's medical claim as time-barred, and it argues plaintiff's new negligent-supplier claim against the hospital defendants is merely a common-law medical claim in disguise. (See id.) LivaNova thus asks this court to ignore the negligent-supplier label plaintiff assigns to her claim against the hospital defendants, construe her claim as a medical claim, and find it to be time-barred by Ohio's one-year statute of limitations and its four-year statute of repose for such claims. (See id.)

The problem for LivaNova is that it fails to establish plaintiff's negligent-supplier theory is conclusively foreclosed under Ohio law. LivaNova points to just two cases, including Napier I, in which Ohio courts have rejected plaintiffs' efforts to characterize claims against hospitals as something other than medical claims. Both cases, however, are materially distinguishable. In Napier I, Judge Cross

8

rebuffed the instant plaintiff's effort to avoid Ohio's statute of repose by positing her claims against the hospital were not "medical claims" but rather common-law claims involving negligent exposure to bacteria. See Napier, slip op. at 2-3. Judge Cross opined that "the equipment provided by the hospital, specifically the heater-cooler unit used in the surgical suite, was incidental to [the decedent's] medical care and treatment," and thus claims related to alleged bacteria exposure in the operating room were "medical claims governed by the statute of repose." Id. at 3. Similarly, in Rome v. Flower Memorial Hospital, 635 N.E.2d 1239 (Ohio 1994), the court determined a plaintiff's claim "for a hospital employee's negligent use of hospital equipment" was actually a "medical claim," since use of the equipment was "ancillary to and an inherently necessary part of" the plaintiff's medical treatment. See Rome, 635 N.E.2d at 1241-42.

In both cases, the courts concluded that the plaintiff could not disguise a medical claim against a hospital as a general common-law negligence claim to avoid applicable statutes of limitations and repose. See Napier, slip op. at 2-3; Rome, 635 N.E.2d at 1241-42. It does not automatically follow from these decisions that courts would also reject outright a statutory negligent-supplier claim against a hospital. A statutory negligent-supplier claim was not before either court, so the specific issue raised by LivaNova—whether Ohio courts recognize a statutory negligent-supplier claim against a hospital based on its negligent installation, maintenance, and repair of surgical equipment—is an open question. Whether to extend the *ratio decidendi* of Napier I and Rome to foreclose such claims is a legal matter most appropriately

9

resolved by the Ohio state courts.<sup>5</sup> For our purposes, we hold only that LivaNova has not met its heavy burden of demonstrating "there is *no* . . . colorable ground supporting" plaintiff's negligent-supplier claim against the hospital defendants. See Boyer, 913 F.2d at 111 (quoting Abels, 770 F.2d at 32); In re Briscoe, 448 F.3d at 216 (same).

IV.   **Conclusion**

The court will grant plaintiff's motion and remand the above-captioned action to the Court of Common Pleas of Hamilton County, Ohio. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   June 21, 2022

---

<sup>5</sup> Although LivaNova does not raise this point, in their separate motion to dismiss, the hospital defendants maintain that an exception under Section 2307.71(A)(15) applies to defeat plaintiff's theory. Section 2307.71(A)(15)(b)(iii) provides that "supplier" does not include "[a] provider of professional services who, incidental to a professional transaction the essence of which is the furnishing of judgment, skill, or services, sells or uses a product." See OHIO REV. CODE ANN. § 2307.71(A)(15)(b)(iii). Other than quoting the statute, the hospital defendants offer no decisional law interpreting this provision or demonstrating that it does or does not apply when a hospital both uses a product in the course of providing services and *also* installs, maintains, and repairs that product. Accordingly, we cannot say that this exception applies to clearly preclude plaintiff's negligent-supplier claim.